Stephen G. RUSIECKI, Plaintiff–
Appellant,

v.

CITY OF MARQUETTE,
et al., Defendants,

Keith Romback; Elmer Rinehardt;
Gustafson, Deputy Sheriff; Michael
Lovelace, Marquette County Sheriff's
Department, Defendants–Appellees.

No. 02–1888.

United States Court of Appeals,
Sixth Circuit.

May 14, 2003.

Before BOGGS and DAUGHTREY,
Circuit Judges; and OBERDORFER,
District Judge.*

## ORDER

This is an appeal from a district court
order denying a motion to withdraw from
an agreement to settle a civil action. This
case has been referred to a panel of the
court pursuant to Rule 34(j)(1), Rules of
the Sixth Circuit. Upon examination, this
panel unanimously agrees that oral argu-
ment is not needed. Fed. R.App. P. 34(a).

In 1998, Michigan inmate Stephen Ru-
siecki filed a civil rights complaint in
Michigan state court seeking monetary
damages and other relief against several
individuals and political entities. The de-
fendants successfully removed the action

* The Honorable Louis F. Oberdorfer, United
States District Judge for the District of Co-
lumbia, sitting by designation.

to federal court and eventually entered into an agreement with Rusiecki to settle the case. Rusiecki thereafter moved to withdraw from the agreement and the matter was referred to a magistrate judge. The magistrate judge recommended that the motion to withdraw should be denied. The district court adopted this recommendation, over Rusiecki's objections, and this appeal followed.

The only issue presented for appellate review is whether the district court erred in refusing to permit Rusiecki to withdraw from a previously-accepted settlement agreement. A district court's ultimate decision to approve a settlement agreement, the issue effectively before this court, is reviewed for an abuse of discretion. *Odomes v. Nucare, Inc.*, 653 F.2d 246, 252 (6th Cir.1981). An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995). An examination of record and law using the foregoing standards shows that the judgment on appeal was not the product of a mistake.

Rusiecki was incarcerated from late November 1996 through February 1997 in connection with charges of criminal sexual conduct. Rusiecki was eventually found guilty on his plea to the charge and sentenced to a seven to fifteen year term of incarceration. Rusiecki's civil complaint is directed to that pre-trial period during which he may have been incarcerated approximately seventy-seven days by Michigan law enforcement agents acting without proper authority. The district court found that all but a few defendants (the "Marquette defendants") enjoyed qualified immunity with respect to all but five days in question. The parties then entered into settlement negotiations, Rusiecki having obtained counsel for this purpose, before Magistrate Judge Timothy Greeley.

Rusiecki and the Marquette defendants agreed to settle the complaint for $2,500 in accordance with Fed.R.Civ.P. 68. The Marquette defendants, acting in conformity with Rule 68, sent an offer of judgment to Rusiecki's counsel in the amount specified on February 15, 2002. Rusiecki and his counsel executed the acceptance of offer on March 5, 2002. The Marquette defendants immediately sent a draft for $2,500, payable to Rusiecki, to his counsel and submitted the proposed judgment to the district court. The district court approved the settlement and, on March 15, 2002, the court entered the submitted judgment for Rusiecki against the Marquette defendants.

On March 27, 2002, Rusiecki filed a formal motion to withdraw from the settlement. Rusiecki's motion contains details of alleged coercion, or duress, brought to bear upon him by his counsel at an earlier date. Counsel allegedly told Rusiecki that 1) his parole request would be adversely impacted if he did not settle the civil action, 2) his petition for a writ of habeas corpus would also be doomed, 3) counsel would not go to trial with Rusiecki in this matter, and 4) defense counsel would harass Rusiecki's aged father. The Marquette defendants responded in opposition and the district court assigned the motion to Magistrate Judge Greeley. Magistrate Judge Greeley concluded, from the pleadings and from his participation in the settlement phase, that Rusiecki could not make any legal or factual case for permitting the settlement agreement to be withdrawn. The district court adopted this conclusion, denied the motion and granted the defense motion for satisfaction of judgment. On appeal, Rusiecki takes issue with this latter decision in its entirety and raises, for the first time, the specter of being coerced into the settlement by the actions of Magistrate Judge Greeley.

The appeal lacks merit. It is initially noted that Rusiecki attempts to interject claims of coercion at the hands of Magistrate Judge Greeley that were not raised in his motion or objections. This claim, not having been presented in any detail to the district court, will not be considered on appeal. *See, e.g., Enertech Elec. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996).

In addition, public policy favors settling cases without litigation, and settlement agreements should be upheld whenever it is equitable to do so. *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1372 (6th Cir.1976). Enforcement of a settlement agreement is appropriate where no substantial dispute exists, as in the present case, regarding the entry into and terms of an agreement. *See Kukla v. National Distillers Prods. Co.,* 483 F.2d 619, 621 (6th Cir.1973). "[O]nly the existence of fraud or mutual mistake can justify reopening an otherwise valid settlement agreement." *Brown v. County of Genesee,* 872 F.2d 169, 174 (6th Cir.1989). The fact that Rusiecki may have changed his mind about the settlement is insufficient to justify reopening, *id.* at 174–75, as is a threat from Rusiecki's attorney to withdraw representation. *See, e.g., Macktal v. Sec'y of Labor,* 923 F.2d 1150, 1157–58 (5th Cir. 1991). Rusiecki received the benefit of his bargain and has offered absolutely nothing that would qualify as coercion or duress within this context so as to justify finding any abuse of the district court's discretion in entering the settlement as negotiated.

Accordingly, the motion for counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.